IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Defendants; )<br>)<br>EAGLE FORUM EDUCATION & LEGAL )<br>DEFENSE FUND, INC., )<br>)<br>*Movant*. )<br>) | Civil Action No. 7:16-cv-00054-O |

**BRIEF IN SUPPORT OF EAGLE FORUM
EDUCATION & LEGAL DEFENSE FUND'S MOTION FOR LEAVE TO
FILE *AMICUS CURIAE* BRIEF**

Karen B. Tripp
Texas Bar #03420850
P.O. Box 1301
Houston, TX 77251
Tel: 713-658-9323
Fax: 713-658-9410
Email: ktripp@tripplaw.com

*Counsel for Movant Eagle Forum Education & Legal Defense Fund*

## CORPORATE DISCLOSURE STATEMENT

I, the undersigned counsel of record for movant Eagle Forum Education & Legal Defense Fund, certify that, to the best of my knowledge and belief, movant is a nonprofit corporation with no parent companies, subsidiaries, or affiliates that have outstanding securities in the hands of the public.

Dated: July 13, 2016                     Respectfully submitted,

                                          /s Karen B. Tripp
                                         _____
                                         Karen B. Tripp, Texas Bar #03420850

                                         P.O. Box 1301
                                         Houston, TX 77251
                                         Tel: 713-658-9323
                                         Fax: 713-658-9410
                                         Email: ktripp@tripplaw.com

                                         *Counsel for Movant Eagle Forum Education & Legal Defense Fund*

## INTRODUCTION

Various state and local entities (collectively, the "States") challenge policy statements issued by various federal agencies (collectively, the "Administration") purporting to establish the right of transgender persons to use sex-segregated restrooms and locker rooms consistent with their subjective gender identity, but contrary to their objective biological sex. Pursuant to Local Rule 7, Eagle Forum Education & Legal Defense Fund ("Movant" or "*Amicus*" as the context requires) respectfully requests this Court's leave to file the accompanying *amicus curiae* brief in support of the States' motion for a preliminary injunction. The States consent to this motion, but the federal defendants (collectively, the "Administration") take no position on the motion, other than to request that Movant file its proposed *amicus* filing with the motion for leave to file and file the motion by July 17, 2016.

## ARGUMENT

Appellate motions for leave to file *amicus* briefs under Rule 29(b) must explain the movant's interest and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(b). The Advisory Committee Note to the 1998 amendments to Rule 29 explain that "[t]he amended rule [Rule 29(b)] … requires that the motion state the relevance of the matters asserted to the disposition of the case." The Advisory Committee Note then quotes Sup. Ct. R. 37.1 to emphasize the value of *amicus* briefs that bring a court's attention to relevant matter not raised by the parties:

> An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court.

*Id.* (*quoting* Sup. Ct. R. 37.1). By analogy to these appellate principles, Movants set forth below their identity and interests in this litigation and the value that their *amicus* brief would add.

1. Eagle Forum Education & Legal Defense Fund is a nonprofit organization founded

in 1981 and headquartered in St. Louis, Missouri. Since its founding, Movant has consistently defended federalism and supported autonomy in areas (like education) of predominantly local concern. In connection with Title IX specifically and federalism generally, Movant has sought to protect the ability of States (and local governments) to set their own course, free from federal control of areas that the Constitution reserves to the People and the States.

2.    With respect to the deference due to the challenged policies on transgender access to sex-segregated bathrooms, the proffered *amicus* brief discusses the contours of "*Chevron*" and "*Skidmore*" deference as applied to the agency actions challenged here, *compare Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843-44 (1984) *with Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944), and the deference – or lack of deference – that courts owe to agency actions that violate the notice-and-comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. §553(b). *See Amicus* Br. at 3-5.

3.    Specifically with respect to this Court's deference to administrative interpretations of Title IX and its implementing regulations, the *amicus* brief emphasizes that statutes such as Title IX that delegate the same authority to multiple agencies (here, every agency that issues federal funds) are not eligible for deference under *Chevron* and instead warrant deference only when the actions are "consistent with achievement of the objectives of the statute authorizing the financial assistance," as indicated in 20 U.S.C. §1682. *See Amicus* Br. 4-5.

4.    The *amicus* brief emphasizes the "clear-notice" requirement for burdens imposed on recipients in Spending Clause legislation like Title IX, which precludes deferring to federal agency actions that fail to provide such notice, either substantively or through the specific procedures required by 20 U.S.C. §1682 and the APA. *See Amicus* Br. 6-7.

5.    The *amicus* brief also argues that federal intrusions into spheres such as education

that are historically the ambit of state and local governments must be evaluated under a presumption against displacing that state and local power without the clear and manifest assent of Congress; applying that presumption here would require this Court to interpret the key statutory term "sex" to mean the objective biological criterion, not subjective gender identity, thereby obviating deference to federal agency constructions. *See Amicus* Br. 7-9.

6. With regard to deference under *Auer v. Robbins*, 519 U.S. 452, 461 (1997), the *amicus* brief argues that this type of deference applies only when the regulatory language or test is "a creature of [an agency's] own regulations." *Id.* By contrast, *Auer* deference does not apply when the regulation "merely … paraphrase[s] the statutory language," *Gonzales v. Oregon*, 546 U.S. 243, 257 (2006), as the Administration does with the statutory term "sex." *See Amicus* Br. 9-10.

7. On the substance of the recent administrative interpretations, the *amicus* brief argues that, on top of the clear-notice rule and the presumption against preemption and deference issues, the Administration's interpretation here is inconsistent with the statute and thus warrants no deference. *See Amicus* Br. 10-13. In addition, *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S.Ct. 2507, 2520 (2015), requires this Court to defer to the uniform judicial construction of the statutory term "sex" not today but at the time that Congress enacted Title IX in 1972 and amended it in 1988. *See Amicus* Br. 12-13. The brief also rebuts several arguments that the Administration has made in support of reading gender-identity status into Title IX in extra-circuit proceedings. *Id.* at 13-15.

8. Even assuming *arguendo* that the Administration's new policies were consistent with the governing statutes, the *amicus* brief demonstrates that the States could reject this new requirement – while maintaining their prior funding – under the undue-influence doctrine of *Nat'l*

*Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566, 2602 (2012), for Spending-Clause programs. *See Amicus* Br. 15-16.

9. Although the States do not press constitutional equal-protection principles in their motion for a preliminary injunction, the *amicus* brief demonstrates that transgender people do not have a constitutional right to use the bathrooms or locker rooms of the opposite biological sex, see *Amicus* Br. 16-18, which arguably is relevant to the States' standing. If the Constitution indeed already required what the Administration's new policies purport to require, a court order against the Administration's new policies would not redress the States' injuries (*i.e.*, the States would need to comply with the Constitution, even if this Court enjoined enforcement of the new policies).

10. With respect to the United States' sovereign immunity and the availability of judicial review, the *amicus* brief argues that the States' alternate remedies (namely, defending against the Administration's policies either in a fund-termination proceeding or a private enforcement action) do not displace otherwise-available judicial review under the APA's "adequate remedy bar," 5 U.S.C. §704, because Title IX makes agency action reviewable *by statute*, 20 U.S.C. §1683, and the adequate-remedy bar does not apply to statutorily available review. *Amicus* Br. at 18-21. Even assuming *arguendo* that the bar did apply, however, the brief demonstrates that the *alternate* remedies would not be *adequate* remedies, thus allowing review here. *Id.* at 21-24. Finally, again assuming *arguendo* that the bar applied, the States nonetheless could proceed against the federal officer defendants under *Ex parte Young*, 209 U.S. 123, 160 (1908), and its progeny because the officers lack sovereign immunity for their *ultra vires* actions. *Id.* at 24-25.

11. Consistent with Fed. R. App. P. 29(c)(5), counsel for Movants authored the accompanying brief in whole; no counsel for a party authored the brief in any respect; and no

4

person or entity – other than Movants and their counsel – contributed monetarily to its preparation or submission.

12. Consistent with FED. R. APP. P. 29(e), Movants have sought this Court's leave within the seven-day period provided for appellate *amicus* briefs and well before the July 17, 2016, deadline within which the Administration requested that Movants act.

13. Movants respectfully submit that these issues addressed by their proffered brief will aid the Court in resolving the issues presented by this litigation and will not prejudice the parties.

## CONCLUSION

For the foregoing reasons, the motion for leave to file should be granted.

Dated: July 13, 2016                     Respectfully submitted,

    s/ Karen B. Tripp
Karen B. Tripp, Texas Bar #03420850

P.O. Box 1301
Houston, TX 77251
Tel: 713-658-9323
Fax: 713-658-9410
Email: ktripp@tripplaw.com

*Counsel for Movant Eagle Forum Education & Legal Defense Fund*

5