**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

-----------------------------------------------------------x

STATE OF TEXAS, *et al.*,

                Plaintiffs,                      CIVIL ACTION NO.
                                                               7:16-cv-00054-O

                v.

UNITED STATES OF AMERICA, *et al.*,

                Defendants,

LETITIA JAMES, PUBLIC ADVOCATE FOR THE
CITY OF NEW YORK,
                Movant.

-----------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**


                                                  Molly Thomas-Jensen
                                                  Office of the Public Advocate for the City of New York
                                                  1 Centre Street, 15th Floor North
                                                  New York, NY 10007
                                                  (t) 212-669-4092
                                                  (f) 212-669-4701
                                                  mthomas-jensen@pubadvocate.nyc.gov

                                                  *Attorney for Amicus Curiae*

Letitia James, Public Advocate for the City of New York moves this Court for leave to file a brief as amicus curiae in the above-captioned matter. District courts are granted broad discretion to accept briefs from amici curiae. In the instant matter, leave to file an amicus brief is appropriate because amici have a special interest in the nationwide injunction sought in this case, that interest is not represented by the parties, and the proffered brief is timely and useful.

## I.   Statement of Interest

Letitia James is the duly elected Public Advocate for the City of New York. As Public Advocate, James is a citywide elected official, the immediate successor to the Mayor, and an ex-officio member of the New York City Council. New York City Charter §§ 24, 10, 24(e). She is charged with overseeing City agency operations, including those of the Department of Education. *Id.* at § 24. The Public Advocate is responsible for identifying systemic problems, recommending solutions, and publishing reports concerning her areas of inquiry. She has the power to introduce legislation and hold oversight hearings on legislative matters. *Id*. The Public Advocate has a long record of advocating on behalf of policies that protect vulnerable children from bullying and violence.

The New York City Department of Education (NYC DOE) is the largest school district in the nation. In 2014, NYC DOE introduced guidance that directed schools to permit children to use bathrooms and changing facilities consistent with their gender expression. New York City's experience in allowing children to use bathroom and changing facilities consistent with their gender expression has been overwhelmingly positive.

A nationwide preliminary injunction will have dire consequences for the transgender and gender nonconforming youth in New York City and beyond. The Public Advocate has a significant interest in ensuring that all students, including transgender students, have the

1

opportunity to learn in an environment free of sex discrimination. The State-Plaintiffs' request threatens that objective.

In New York City, as in municipalities across the country, transgender and gender nonconforming students face greater risk for discrimination, harassment, bullying, sexual assault, and other forms of violence every day. Without city, state, and nationwide policy protecting the basic rights of our transgender and gender nonconforming children, vulnerable youth pay the price. These children are subjected to daily indignities and risk of violence without adequate protection or recourse.

Fortunately, New York has made strides in the right direction by issuing guidelines to better address the needs of transgender and gender nonconforming students. But these strides have been influenced by the repeated iterations of the Office of Civil Rights (OCR) that Title IX does protect transgender students. Without this guidance and the OCR's ability to continue enforcing Title IX accordingly, New Yorkers—and transgender students across our nation—will be at risk once again.

A broad injunction could undermine the hard-won rights of New York City schoolchildren. The court should grant leave to file the brief of amicus curiae because New York City has direct experience with implementation of the type of guidance at issue in this case.

## II.     District Courts Have Authority to Accept Amicus Briefs

District Courts have broad authority to accept amicus briefs if they are "timely and useful or otherwise necessary." *Sierra Club v. FEMA*, 2007 U.S. Dist. LEXIS 84230, 2007 WL 3472851 (S.D. Tex. Nov. 14, 2007) (internal citations omitted). No statute or rules govern the granting of leave to file an amicus brief in a district court. *Canamar v. McMillin Tex. Mgmt. Servs.*, LLC, 2009 U.S. Dist. LEXIS 108986 at *2 (W.D. Tex. Nov. 20, 2009); *see also Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.* (*In re Ford Motor Co.*), 471 F.3d 1233, 1249 n.34

(11th Cir. 2006) ("Unlike the Supreme Court Rules and the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level. Nevertheless, district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."). In the absence of guidance in the Federal Rules of Civil Procedure, Federal District Courts in the Fifth Circuit often look to the Federal Rules of Appellate Procedure to determine whether to grant leave to file an amicus brief. *See, e.g.*, *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 927 (S.D. Tex. Mar. 15, 2007); *Canamar*, 2009 U.S. Dist. LEXIS 108986 at *2; *United States v. Olis*, 2008 U.S. Dist. LEXIS 15972 at *21, 2008 WL 620520 (S.D. Tex. Mar. 3, 2008).

### III. Amici Have a Special Interest That Is Not Represented by the Parties to this Lawsuit.

Since 2014, New York City schools have had guidelines in place directing that children "not be required to use a locker room or restroom that conflicts with the student's gender identity." NYC DEPARTMENT OF EDUCATION, Transgender Student Guidelines, http://schools.nyc.gov/RulesPolicies/TransgenderStudentGuidelines/default.htm (last visited July 26, 2016). Since then, NYC DOE officials have devoted time and resources to ensuring that the guidelines are being fully complied with by educators and administrators across the City. While the reaction to the guidelines has been positive, in a school district as large as New York City's, there is always a risk that transgender and gender nonconforming children in some schools may not be receiving the protections afforded by the guidelines. In that event, New York City children need the protection outlined by the OCR's guidance documents.

### IV. The Brief of Amici is Timely and Useful.

Under Federal Rule of Appellate Procedure 29, a brief of amicus curiae must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App.

3

Proc. 29(3). Because of the expedited filing schedule that the parties have agreed to and that the Court has ordered, Public Advocate James files this motion on the date on which the principal brief of the party being supported is filed. ECF No. 12. Thus, this brief is timely filed.

The question of whether an amicus brief is useful is "open-ended." *Neonatology Assocs., P.A. v. Comm'r of Internal Rev.*, 293 F.3d 128, 132 (3d Cir. 2002). The question does not turn on whether the parties to the case are well-represented, but rather whether the brief may prove helpful once the issue is fully briefed. *Id.* ("The decision whether to grant leave to file must be made at a relatively early stage of the appeal. It is often difficult at that point to tell with any accuracy if a proposed amicus filing will be helpful. Indeed, it is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file. . . . Under these circumstances, it is preferable to err on the side of granting leave. If an *amicus* brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the *amicus* brief. On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.").

The attached brief of amicus curiae provides both an analysis of the law governing sex stereotyping under Title IX, as well as an overview of the experience of New York City schools in rolling out a policy that ensures inclusive bathroom and locker room access for transgender or gender non-conforming children. In particular, the brief describes the harm faced by transgender or gender non-conforming children in New York City and across the country and how allowing children to use the bathroom or locker room that is consistent with their gender identity will have a positive effect on vulnerable children.

## CONCLUSION

For the foregoing reasons, amicus curiae Letitia James, Public Advocate for the City of New York, requests that this Court grant her motion for leave to file brief of amici curiae.

Dated:   July 27, 2016
         New York, New York

                                    Respectfully Submitted,

                                    By: /s/ Molly Thomas-Jensen
                                    Molly Thomas-Jensen, New York Bar #4735148
                                    Office of the Public Advocate for the City of New York
                                    1 Centre Street, 15th Floor North
                                    New York, NY 10007
                                    (t) 212-669-4092
                                    (f) 212-669-4701
                                    Mthomas-jensen@pubadvocate.nyc.gov

                                    *Attorney for Amicus Curiae*