IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>               Plaintiffs,<br>  *versus*<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>               Defendants;<br>_____<br><br>AMERICAN CIVIL LIBERTIES UNION<br>   FOUNDATION,<br>AMERICAN CIVIL LIBERTIES UNION<br>   OF TEXAS,<br>GLBTQ LEGAL ADVOCATES &<br>   DEFENDERS,<br>LAMBDA LEGAL DEFENSE AND<br>   EDUCATION FUND, INC.,<br>NATIONAL CENTER FOR LESBIAN<br>   RIGHTS, and<br>TRANSGENDER LAW CENTER,<br><br>               Movants. | **CIVIL ACTION NO. 7:16-cv-00054-O** |

**MOVANTS' BRIEF IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE***

Movants American Civil Liberties Union Foundation, American Civil Liberties Union of Texas, GLBTQ Legal Advocates and Defenders, Lambda Legal Defense and Education Fund, Inc., National Center for Lesbian Rights, and Transgender Law Center submit this Brief in Support of their Motion to File a Brief *Amicus Curiae* [Dkt. No. 38].

1

## Nature of Litigation

Plaintiffs filed a multi-state lawsuit challenging the guidance of several federal agencies regarding public school districts' responsibility to allow transgender students to use the same restrooms as other students. The lawsuit also targets guidance addressing transgender workers. Many of the States and political jurisdictions joining the lawsuit are doing so apparently in order to avoid positive transgender-affirming rulings handed down by their federal circuits. Indeed, Plaintiffs now have moved for a nationwide preliminary injunction, the intended effect of which apparently is to circumvent both pending administrative and judicial claims currently being decided within their States, as well as future claims that may be brought.

## Interest of Movants

Movants are organizations dedicated to advancing and defending the civil rights of transgender people. Through their activities, *Amici* regularly represent transgender people in administrative and judicial proceedings. Accordingly, these groups have extensive experience litigating cases affecting the rights of transgender people, including participation as either party counsel or *amicus curiae* in federal cases holding or raising the issue that gender identity discrimination is a form of sex discrimination under Title VII and Title IX. The issues pending before the Court are of acute concern to *amici* and the community they represent, who may stand to be directly impacted by the Court's ruling. Transgender people face staggering levels of discrimination in schools, workplaces, and sex-segregated facilities. Calls for legal help in this area are consistently among the most numerous that *amici* receive. *Amici* thus propose to submit a brief to place the specific issues raised by

Plaintiffs here in the context of past and present litigation and administrative claims throughout the federal system that already have resulted in significant developments in the law—authority that Plaintiffs now seek to circumvent.

## Standard of Review

No statute, rule, or controlling case defines a federal district court's power to grant leave to file an amicus brief. *United States v. Olis*, 2008 WL 620520 at *7 (S.D. Tex. Mar. 3, 2008). In the absence of such controlling authority, district courts look generally to Federal Rule of Appellate Procedure 29 for guidance. *Id*. The extent to which a Court grants amicus status for the purpose of filing a brief is solely within the district court's discretion. *Id.*; *see also United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992).

## Argument

The Fifth Circuit has observed that permitting a non-party to file an *amicus* brief should normally be allowed in three circumstances:

(1) When a party is not represented competently or represented at all;

(2) When the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case); or

(3) When the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012), citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also*

*New England Patriots Football Club, Inc. v. Univ. of Colo.*, 592 F.2d 1196, 1998 n.3 (1st Cir. 1979). Movants submit that, at a minimum, both the second and third circumstances are present here.

With respect to the second factor, that the Plaintiff States situated outside the Fifth Circuit are seeking a nationwide injunction clearly evidences an intent to effect claims and litigation outside the geographic jurisdiction of this Court and this Circuit—presumably to affect claimants and litigants represented by Movants in ongoing proceedings, both administrative and judicial, and perhaps future claims that may be brought as well. Movants believe the potential effect on parties not before the Court is an important factor for the Court to consider to avoid burdening the rights of claimants who are not parties. An injunction must also take account of "the larger interests of society that might be adversely affected by an overly broad injunction." *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 1006 (5th Cir. 1981).

With respect to the third factor and closely related to the previous point, Movants are the legal organizations litigating many of these cases throughout the country and the attorneys who represent many of the transgender persons whose rights currently are protected by favorable authority in the Circuits where many of the Plaintiff States actually are located. This enables Movants to provide unique information and perspective on the advancement of the law and its effect on non-parties not before the Court.

Movant organizations are well-situated to provide national context for the claims being presented to this Court, as well as to identify the interference and

potential harm to third parties whose claims are rightfully subject to the jurisdiction of sister courts and administrative proceedings. The information provided should prove helpful to the Court in respecting the "[p]rinciples of comity [that] require that, once a sister circuit has spoken to an issue, that pronouncement is the law of that geographical area. Courts in [one circuit] should not grant relief that would cause substantial interference with the established judicial pronouncements of such sister circuits. To hold otherwise would create tension between circuits and would encourage forum shopping." *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 773 (9th Cir. 2008) (reversing grant of nationwide injunction).

## Conclusion

For the reasons stated above, Movants respectfully request the Court's leave to file their Brief *Amici Curiae*.

Respectfully submitted this 27th day of July, 2016.

           *s/ Kenneth D. Upton, Jr.*
           Kenneth D. Upton, Jr.
           Texas State Bar No. 00797972
           kupton@lambdalegal.org

           Paul D. Castillo
           Texas State Bar No. 24049461
           pcastillo@lambdalegal.org

LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, Texas 75219-6722
Telephone:  (214) 219-8585
Facsimile:   (214) 219-4455

COUNSEL FOR ALL MOVANTS

## CERTIFICATE OF SERVICE

On July 27, 2016, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the counsel of record for Plaintiffs and Defendants electronically through the Court's ECF system.

<i>s/ Kenneth D. Upton, Jr.</i><br>
Kenneth D. Upton, Jr.