IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS; | § | |
| HARROLD INDEPENDENT | § | |
| SCHOOL DISTRICT (TX); | § | |
| STATE OF ALABAMA; | § | |
| STATE OF WISCONSIN; | § | |
| STATE OF WEST VIRGINIA; | § | |
| STATE OF TENNESSEE; | § | |
| ARIZONA DEPARTMENT | § | |
| OF EDUCATION; | § | |
| HEBER-OVERGAARD | § | |
| UNIFIED SCHOOL DISTRICT (AZ); | § | |
| PAUL LePAGE, Governor of the | § | |
| State of Maine; | § | |
| STATE OF OKLAHOMA; | § | |
| STATE OF LOUISIANA; | § | |
| STATE OF UTAH; | § | |
| STATE OF GEORGIA; | § | |
| STATE OF MISSISSIPPI, | § | |
| by and through Governor Phil Bryant; | § | |
| COMMONWEALTH OF KENTUCKY, | § | |
| by and through | § | |
| Governor Matthew G. Bevin, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:16-cv-00054-O |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| UNITED STATES DEPARTMENT | § | |
| OF EDUCATION; JOHN B. KING, | § | |
| JR., in his Official Capacity as United | § | |
| States Secretary of Education; UNITED | § | |
| STATES DEPARTMENT OF JUSTICE; | § | |
| LORETTA E. LYNCH, in her Official | § | |
| Capacity as Attorney General of the | § | |
| United States; VANITA GUPTA, in her | § | |
| Official Capacity as Principal Deputy | § | |
| Assistant Attorney General; | § | |
| UNITED STATES EQUAL | § | |
| EMPLOYMENT OPPORTUNITY | § | |

| | |
|---|---|
| COMMISSION; JENNY R. YANG, in her Official Capacity as the Chair of the United States Equal Employment Opportunity Commission; UNITED STATES DEPARTMENT OF LABOR; THOMAS E. PEREZ, in his Official Capacity as United States Secretary of Labor; DAVID MICHAELS, in his Official Capacity as the Assistant Secretary of Labor for Occupational Safety and Health Administration, | § § § § § § § § § § § § § |
| Defendants. | § |

**JOINT REPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Order of August 29, 2016 (ECF No. 60), and Rule 26(f) of the Federal Rules of Civil Procedure, the attorneys for the parties conducted multiple telephonic conferences on and before September 12, 2016. The parties conferred regarding the topics set forth in Rule 26(f) and the Court's order, and respond to the Court's instructions as follows:

1) *A brief statement of the claims and defenses*;
   - PLAINTIFFS: Plaintiffs contend that Defendants' enforcement of a new rule, evidenced significantly by various publications of Defendants (more specifically identified in Plaintiffs' Amended Complaint – ECF No. 6), regarding the meaning of the term "sex" in Titles VII and IX, violates the Constitution, APA, and Regulatory Flexibility Act. Plaintiffs maintain that "sex," as employed by Congress in both Titles VII and IX, is a biologically-based category and permits those subject to Titles VII and IX to maintain separate intimate facilities on the basis of one's biological sex. Thus, Plaintiffs contend that Defendants' enforcement of alternate definitions of "sex" in Titles VII and IX, including definitions that encompass the separate concept of "gender identity," violate the law.
   - DEFENDANTS: Plaintiffs challenge several memoranda, fact sheets, and guidance documents reflecting Defendants' interpretation of the prohibition in Title VII and Title IX, and Title IX's implementing regulations, against discrimination "because of sex" or "on the basis of sex" as applied to discrimination against transgender individuals because their gender identity is different from their sex assigned at birth. Plaintiffs raise procedural and substantive claims under the Administrative Procedure Act (APA), as well as a claim under the

>  Regulatory Flexibility Act. Defendants contend that the Court does not have subject matter jurisdiction over Plaintiffs' claims, and that Plaintiffs' claims fail on their merits.

2) *A proposed time limit to file motions for leave to join other parties*;
   - AGREED: At this time, the parties do not intend to join other parties and, thus, respectfully submit that the Court should set a deadline of the date of this filing (September 26, 2016).

3) *A proposed time limit to amend the pleadings*;
   - AGREED: The parties propose that the Court set the deadline to amend the pleadings at October 14, 2016. However, in light of the answer to 4), the parties may seek leave to amend following the issuance of a mandate from the Fifth Circuit Court of Appeals.

4) *Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days)*;
   - AGREED: At present, the parties see the issues presented in this matter as primarily legal, not factual. Thus, the parties do not foresee, at this time, significant (if any) factual disputes or the need for extensive (if any) discovery. Moreover, Defendants are considering whether to appeal the Court's preliminary injunction (ECF No. 58). Accordingly, the parties respectfully suggest that staying this and other discovery and trial-related deadlines is appropriate pending Defendants' decision regarding appeal and, if Defendants appeal, the issuance of a mandate by the Fifth Circuit. If Defendants do not appeal the Court's preliminary injunction, the parties agree to present the Court with an amended Joint Report addressing this deadline.

5) *A proposed time limit for initial designation of experts*;

- AGREED: Parties respectfully reassert their response from 4).

6) *A proposed time limit for responsive designation of experts;*

    - AGREED: Parties respectfully reassert their response from 4).

7) *A proposed time limit for objections to experts (i.e., Daubert and similar motions);*

    - AGREED: Parties respectfully reassert their response from 4).

8) *A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;*

    - AGREED: Parties respectfully reassert their response from 4).

9) *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;*

    - AGREED: Parties respectfully reassert their response from 4).

10) *Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;*

    - AGREED: Parties respectfully reassert their response from 4).

11) *Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;*

    - AGREED: Parties respectfully reassert their response from 4).

12) *A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);*

    - AGREED: Parties respectfully reassert their response from 4).

13) *A proposed date for further settlement negotiations;*

    - AGREED: The parties do not believe that there is currently a possibility

of settlement. Nor do the parties currently foresee resolution of the claims brought by Plaintiffs through alternative dispute resolution. Thus, at this time, the parties respectfully suggest that a proposed date for settlement negotiations will not be productive.

14) *Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made*;

- AGREED: Parties respectfully reassert their response from 4).

15) *Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton (if all parties consent, please submit the attached consent form)*;

- AGREED: Parties respectfully reassert their response from 4). Moreover, in light of the parties' representations regarding prior matters, this query may not be germane. However, at this time, the parties do not consent to trial before the U.S. Magistrate.

16) *Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case*;

- AGREED: The parties do not believe that there is currently a possibility of settlement. Nor do the parties currently foresee resolution of the claims brought by Plaintiffs through alternative dispute resolution. Thus, at this time, the parties respectfully suggest that a proposed date for settlement negotiations will not be productive.

17) *Any other proposals regarding scheduling and discovery that the parties*

*believe will facilitate expeditious and orderly preparation for trial;*

- AGREED: The parties have no additional proposals at this time.

18) *Whether a conference with the Court is desired; and*

- AGREED: The parties do not believe that there is currently a possibility of settlement. Nor do the parties currently foresee resolution of the claims brought by Plaintiffs through alternative dispute resolution. At this time, no conference with the Court is requested.

19) *Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).*

- AGREED: None at this time.

Respectfully submitted this the 26th day of September, 2016,

| | |
|---|---|
| LUTHER STRANGE<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| BRAD D. SCHIMEL<br>Attorney General of Wisconsin | JEFFREY C. MATEER<br>First Assistant Attorney General |
| PATRICK MORRISEY<br>Attorney General of West Virginia | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| HERBERT SLATERY, III<br>Attorney General of Tennessee | PRERAK SHAH<br>Senior Counsel to the Attorney General |
| MARK BRNOVICH<br>Attorney General of Arizona | ANDREW D. LEONIE<br>Associate Deputy Attorney General for the Office of Special Litigation |
| SCOTT PRUITT<br>Attorney General of Oklahoma | /s/ Austin R. Nimocks<br>AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General for the Office of Special Litigation<br>Texas Bar No. 24002695<br>austin.nimocks@texasattorneygeneral.gov |
| JEFF LANDRY<br>Attorney General of Louisiana | |
| SEAN REYES<br>Attorney General of Utah | |
| SAM OLENS<br>Attorney General of Georgia | MICHAEL TOTH<br>Senior Counsel for the Office of Special Litigation |
| | Office of Special Litigation<br>Attorney General of Texas<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br>Tel: 512-936-1414 |
| | *ATTORNEYS FOR PLAINTIFFS* |

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

*/s/ Benjamin L. Berwick*
BENJAMIN L. BERWICK

MA Bar No. 679207
Email: Benjamin.L.Berwick@usdoj.gov

JAMES BICKFORD
NY Bar No. 5163498

Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1 Courthouse Way, Suite 9200
Boston, MA 02210
Telephone: (617) 748-3129
Facsimile: (617) 748-3965

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

  I, Austin R. Nimocks, hereby certify that on this the 26th day of September, 2016, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                */s/ Austin R. Nimocks*
                Austin R. Nimocks