IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 7:16-cv-00054-O |
| UNITED STATES OF AMERICA et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Defendants' Notice of Pending Litigation (ECF No. 61), filed August 30, 2016; Plaintiffs' Notice of Pending of Litigation (ECF No. 64), filed September 9, 2016; and Defendants' Reply Regarding Pending Litigation (ECF No. 72), filed September 14, 2016. Also before the Court are Defendants' Motion for Clarification (ECF No. 65), filed September 12, 2016; Plaintiffs' Response (ECF No. 73), filed September 19, 2016, and Defendants' Reply (ECF No. 74), filed September 23, 2016. The Court held a hearing on September 30, 2016 to address the issues raised in these pleadings. *See* ECF No. 76. Defendants seek to clarify the Court's preliminary injunction in this case.

The parties have agreed in their briefing that the injunction is directed at the issue of access to intimate facilities. Pls.' Resp. Mot. Clarify 3–5, ECF No. 73; Defs.' Reply Mot. Clarify 1–2 n.1–2, ECF No. 74. At oral argument Plaintiffs' counsel agreed that Defendants may offer textual analyses of Title IX and Title VII in cases where the Government and its agencies are defendants, and if the United States Supreme Court or any Circuit Court requests that Defendants file amicus

1

curiae briefs, they may do so. Tr'g 26–28; 32–33. Thus, the remaining issues related to the request for clarification appear to be (1) whether Defendants' Guidelines are enjoined in total or whether the principle of severability applies to them; (2) whether the injunction applies to Title VII investigations, particularly as it applies to workplaces where school teachers or school staff may or must use the same intimate facilities as students; (3) whether the injunction applies to OSHA or DOL activity; (4) whether the injunction prevents Government agencies from carrying out their statutory duties, which traditionally fall within their core missions to prevent various forms of discrimination; and (5) the geographic scope of the injuction. Mot. Clarify 6–11, 16–21, ECF No. 65.

Having considered the parties' submissions and applicable law, the Court finds that the parties must provide additional briefing on whether the Defendants' Guidelines are enjoined in total or whether the principal of severability applies to them, whether Title VII is implicated by this injunction, and whether the injunction applies to OSHA or DOL activity. Plaintiffs must submit a response addressing these issues on or before **October 24, 2016**. Defendants must submit a reply on or before **October 28, 2016**.

Furthermore, the Court offers the following clarifications to its August 21, 2016 Order granting the preliminary injunction (ECF No. 58):

## I.      NATIONWIDE INJUNCTION

The Court's August 21, 2016 Order granted a nationwide injunction. ECF No. 58. Defendants argue that "the geographic scope of the Preliminary Injunction [] could be read to exceed the proper scope of relief available to the [P]laintiffs in this case" and they contend that this "would run afoul of the Supreme Court's admonition that 'injunctive relief should be no more

2

burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'" Mot. Clarify 2, 16, ECF No. 65 (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)); Defs.' Reply 2–4, ECF No. 74; Tr'g at 6–7. According to Defendants, they have a right to rely on the Guidelines in litigation before other courts that have agreed with their interpretation of sex in Title VII and IX to mean gender identity. Tr'g at 7.

Plaintiffs argue that "Defendants are federal administrators and agencies, with footings in every state and territory" and they are "collectively and systematically engaged in enforcing a pervasive and unlawful rule across the country . . . ." Resp. Mot. Clarify 9–10, ECF No. 73. "An injunction that precludes Defendants from acting everywhere[,]" Plaintiffs contend, "is quite clear." *Id.*; Tr'g at 17–19 (arguing that the geographic extent of the harm Plaintiffs suffer is nationwide). The Court agrees that the scope of this injunction should be and is nationwide.

As stated in one of the most recent *Texas v. United States* Fifth Circuit opinions, "the Constitution vests the District Court with 'the judicial Power of the United States[,]'" and "[t]hat power is not limited to the district wherein the court sits but extends across the country. It is not beyond the power of a court, in appropriate circumstances, to issue a nationwide injunction." *Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015) (quoting U.S. Const. art. III, §1), *aff'd by equally divided Supreme Court*, 136 S. Ct. 2271 (June 23, 2016) (finding that a nationwide injunction was warranted because "partial implementation of DAPA would 'detract from the integrated scheme of regulation created by Congress,'" and create a "substantial likelihood that a geographically-limited injunction would be ineffective . . . ."); *see also Chevron Chem. Co. v. Voluntary Purchasing Grps.*, 659 F.2d 695, 705–06 (5th Cir. 1981) (directing the district court to issue broad injunction on remand in a trade dress case); *Califano*, 442 U.S. at 702 (finding that the

3

scope of an injunction is dictated by the extent of the violation, not the geographical extent of the plaintiff class, thus a nationwide injunction was consistent with the principles of equity); *Brennan v. J.M. Fields, Inc.*, 488 F.2d 443, 449–50 (5th Cir. 1973) (affirming a nationwide injunction against a national chain); *Hodgson v. First Fed. Sav. & Loan Ass'n*, 455 F.2d 818, 826 (5th Cir. 1972) ("[C]ourts should not be loath to issue injunctions of general applicability . . . . The injunctive processes are a means of effecting general compliance with national policy as expressed by Congress, a[s] public policy judges too must carry out—actuated by the spirit of the law and not begrudgingly as if it were a newly imposed fiat of a presidium."); *Wirtz v. Ocala Gas Co.*, 336 F.2d 236, 240 (5th Cir. 1964) (describing certain FLSA injunctions as "sufficiently broad and general to enjoin any practices which would constitute violations of the Act's provisions").

It is clear from Supreme Court and Fifth Circuit precedent that this Court has the power to issue a nationwide injunction where appropriate. Both Title IX and Title VII rely on the consistent, uniform application of national standards in education and workplace policy. A nationwide injunction is necessary because the alleged violation extends nationwide. Defendants are a group of agencies and administrators capable of enforcing their Guidelines nationwide, affecting numerous state and school district facilities across the country. *Texas*, 809 F.3d at 187–88. Should the Court only limit the injunction to the plaintiff states who are a party to this cause of action, the Court risks a "substantial likelihood that a geographically-limited injunction would be ineffective." *Id.*[1]

---

[1] As noted previously, "Those states who do not want to be covered by this injunction can easily avoid doing so by state law that recognizes the permissive nature § 106.33. It therefore only applies to those states whose laws direct separation. However, [this] injunction should not unnecessarily interfere with litigation currently pending before other federal courts on this subject regardless of the state law." Order 37, ECF No. 58.

Accordingly, Defendants Motion to Clarify is **DENIED** as they request that the Court limit the injunction to plaintiff states.

## II. INJUNCTION DOES NOT AFFECT DEFENDANTS' CORE MISSIONS

Defendants argue that the Court's Preliminary Injunction Order (ECF No. 58) should clarify that it does not enjoin the EEOC from fulfilling statutory duties necessary to protect the rights of individuals alleging discrimination and that it does not affect programs which combat discrimination based on race, national origin, or disability and other activities, or limit the enforcement of anti-discrimination statues outside the plaintiff states. *See* Mot. Clarify 6–11, 16–21, ECF No. 65 (citing 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1); *E.E.O.C. v. Bass Pro Outdoors World, L.L.C.*, No 15-20078, 2016 WL 3397696, at *8 (5th Cir. June 17, 2016); 29 C.F.R § 1614). The Court **CLARIFIES** that these duties are not affected by the Preliminary Injunction Order (ECF No. 58).

Indeed, the Court's Order did not purport to alter any statute or statutory duties Defendants may exercise in pursuit of their governmental duties under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, and Title II of the American with Disabilities Act of 1990. This injunction also does not affect a school's obligation to investigate and remedy student complaints of sexual harassment, sex stereotyping, and bullying.

Defendants are simply prevented from using the Guidelines to argue that the definition of "sex" as it relates to intimate facilities includes gender identity. Order 36–37, ECF No. 58. The Court's preliminary injunction neither affects EEOC's fulfillment of its statutory duties, nor Defendants' ability to enforce anti-discrimination statutes nationwide. The injunction does not affect those programs addressing discrimination on the basis of race, national origin, or disability.

Defendants are simply "enjoined from using the Guidelines or asserting the Guidelines carry weight in any litigation initiated following the date of [its August 21, 2016] Order."[2] Order 37, ECF No. 58.

## III.   CONCLUSION

Accordingly, the Court clarifies that: (1) the preliminary injunction applies nationwide; and (2) Defendants' core missions to combat discrimination based on race, national origin, or disability, and the EEOC's statutory duties are not otherwise affected by the preliminary injunction (ECF No. 58).

The injunction is limited to the issue of access to intimate facilities. Defendants are enjoined from relying on the Guidelines, but may offer textual analyses of Title IX and Title VII in cases where the Government and its agencies are defendants or where the United States Supreme

---

[2] Plaintiffs have also listed numerous cases that they believe are not enjoined by the Court's preliminary injunction in their Notice of Pending Litigation. *See* Not. Pending Lit. 10–13, ECF No. 64. The Court agrees and clarifies that these cases are not included in the injunction. At oral argument, Defendants asked the Court to restrict the injunction to litigation in which the plaintiff states are involved. Tr'g at 7–8. The Court clarifies that the preliminary injunction attaches to Defendant's conduct in litigation not substantially developed before the August 21, 2016 Order (ECF No. 58), regardless of whether plaintiff states are involved. The Court seeks to avoid unnecessarily interfering with litigation concerning access to intimate facilities that was substantially developed before the Court's Order granting the preliminary injunction. In pending litigation concerning access to intimate facilities, if no responsive pleadings were filed and no substantive rulings issued before August 21, 2016, the preliminary injunction applies and Defendants are enjoined from relying on the Guidelines. The injunction applies in part to *United States v. Southeastern Okla. Univ.*, a case filed by the DOJ against a public university in Oklahoma (a plaintiff state here) more than a year before the Court's August 21, 2016 injunction. No. 5:15-cv-324 (W.D. Okla.). Although the DOJ did not make the issue at the heart of this injunction (access to intimate facilities) a central feature of the complaint, the aggrieved private party has now intervened and introduced new claims that involve access to intimate facilities. No. 15:15-cv-324, ECF No. 23. Because litigation in *Southeastern* was substantially underway before the issuance of this injunction, DOJ's legal arguments in the case fall outside the scope of this injunction. However, Defendants (including DOJ) are still "enjoined from enforcing the Guidelines against Plaintiffs and their respective schools, school boards, and other public, educationally-based institutions" (including Southeastern Oklahoma State University) and "enjoined from initiating, continuing, or concluding any investigation based on Defendants' interpretation that the definition of sex includes gender identity in Title IX's prohibition against discrimination on the basis of sex". ECF No. 58 at 37.

Court or any Circuit Court request that Defendants file amicus curiae briefing on this issue. The parties are **ORDERED** to brief the remaining issues of whether the Defendants' Guidelines are enjoined in total or whether the principal of severability applies to them, whether the injunction implicates Title VII in any manner (and specifically where school employees and staff may share intimate facilities with students), and whether OSHA or DOL activity is implicated by the injunction. Plaintiffs must respond on or before **October 24, 2016**, and Defendants must reply on or before **October 28, 2016.**

      **SO ORDERED** on this **19th day** of **October, 2016.**

                              _____
                              Reed O'Connor
                            **UNITED STATES DISTRICT JUDGE**