UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**
**December 30, 2016**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

JEANETTE DRIEVER,
CHARLSA LITTLE,
RHONDA FLEMING,
    Plaintiff-Intervenors,

No. 7:16-cv-00054-O

STATE OF TEXAS,
    Lead Plaintiff,

v.

UNITED STATES OF AMERICA

MOTION FOR PRELIMINARY INJUNCTIVE RELIEF DUE TO THE
GOVERNMENT/DEFENDANT'S PLACEMENT OF MEN SELF-IDENTIFYING
AS WOMEN IN A WOMEN'S PRISONS WHERE MEN ARE USING
SHOWERS AND OTHER INTIMATE FACILITIES

To The Honorable Court:

    The Plaintiff-Intervenor moves the Court to grant injunctive relief in accordance with Rule 65(a), if the Motion to Intervene is granted. The Plaintiff-Intervenors seek that the Defendant be enjoined to remove all biological male inmates out of federal women's prisons and to change the custody of the Plaintiff-Intervenors to a halfway house or home confinement pending the resolution of the case. In support, the Plaintiff-Intervenors present the Following:

CASE BACKGROUND

    In August 2016, the Court issued a nationwide injunctive order preventing the implementation of Guidelines requiring schools, employers, and other public facilities to allow all persons to use intimate facilities which match their gender identity rather than their biological sex.

    The State of Texas and others obtained the injunction by arguing that the Defendant had not complied with the Administrative Procedure Act's notice and comment requirements and had issued directives which contradict the existing legislative and regulatory texts.

The Plaintiff-Intervenors, women in custody of the Defendants, filed a Motion to Intervene stating that the Defendants had enacted directives which violate the rights of women by placing biological males, men that have their penis and are bi-sexual|| in housing, showers, and other intimate areas with biological females, in violation of their rights to bodily privacy.

The women at FMC Carswell are overwhelmed by executive actions by the Defendants which place them in danger of sexual assault and the daily, unrelenting mental anguish of living with such fears.

It seems that the priority of the Defendants is to promote an ideology of transgender equal rights, bypassing Congress, while violating the constitutional rights of women in the community, as well as in women's prisons. The Plaintiff-Intervenors view this as a gender discrimination claim. There is a greater impact against the bodily privacy rights of women versus the rights of persons that self-identify as women. There is without question a strong likelihood of sexual assaults against women if this matter is not decisively decided by upholding the constitutional privacy rights of those born female.

There have been numerous incidents at Carswell, ranging from verbal threats of rape, to actual physical assaults by biological men against women. Violations of women's rights to bodily privacy are an everyday occurence where the Defendants are allowing men to live with women, using the same shower and changing areas.

For these reasons, the Plaintiff-Intervenors are filing this Motion for injunctive relief.

## AUTHORITIES & ARGUMENTS

Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary injunctions. The criteria for obtaining relief requires a movant to:

1. Prove a likelihood of success on the merits;
2. Prove a substantial threat of irreparable injury will result if relief is not granted;
3. Prove the threat of injury outweighs the threatened harm to the defendant; and,
4. Issuance of the injunctive relief will not disservice the public.   See, Commonwealth Life Ins. Co. v. Neal|| 669 F.2d 300, 303 (5th Cir. 1982).

A. Likelihood of Success

The Court has already issued injunctive releif to the lead Plaintiffs, preventing cross-gender use of bathrooms, showers, locker rooms, and other intimate facilities in public buildings, nationwide. The Defendants, by executive action, are forcing women to use intimate facilities with men, which may violate the Court's injunction.

The Claim raised by the Plaintiff-Intervenors is not a prison conditions issue because transgender employees are allowed to go into any bathroom they choose at Carswell. The claim is the same as the one presented by the lead Plaintiffs--abusive, unconstitutional executive actions of the Obama Administration.

It is unconstitutional to violate the bodily privacy rights of women by housing them with men, who are bi-sexual or heterosexual|| but self-identifying as women. The directive allows men with their penis and openly still attracted to women, to continue to dress like women and serve their prison sentences with women. Some of these male prison inmates, who the Defendants consider women are in women's prisons soliciting sex with female inmates. It is a well-known fact at this prison that inmate Peter Langan is having a regular sexual relationship with women. Mr. Langan has a fetish for dressing as a woman while having sex with women. He is allowed in shower areas, bathrooms, and any other intimate area of the prison, with the support of the Defendants and their government psychologist.

Mr. Langan is a bank robber and a leader of a white supremacist group known as the Aryan REpublican Army. He was allowed to transfer from a men's prison to Carswell where he not only can live out his fetishes, but has started a female white supremacist group, something that the Plaintiff-Intervenors have never seen in a women's prison. Please see, United States v. Langan, 263 F.3d 613 (6th Cir. 2001), for a detailed explanation about this man.

Another man in the prison, Linda Thompson, allegedly robbed banks also. While incarcerated for these bank robberies, he decided to cut off his penis--twice. Thompson is well over 6 feet tall|| over 250 pounds, and wears a size 15 shoe. Mr. Thompson and Mr. Langan are good friends. About two weeks ago, Mr. Thompson quarreled with an officer about how he was wearing his uniform. The conflict was settled by Mr. Thompson by stripping buck naked in front of over 300 women and the staff, exposing himself in a manner meant to humilate and demoralize women. Later, when women complained about living with Mr. Thompson and his conduct, there was a unit punishment of all the women, coercion because women spoke out against being housed with a man.

Thompson was placed back in the same housing unit and continues to demean and traumatize women with little is any consequences.

There is zero understanding or sympathy for the plight of women inmates being housed with violent male inmates with obvious mental health problems. Compassion and understanding is saved for Thompson, Langan, and other men, without regard for their attacks on women.

Women at the prison have been assaulted and threatened with rape by male inmates. Darnell Nash and Andre Saunders have both threatened to rape the women here, in front of staff members. Mr. Nash stated he would rape any woman put in a cell with him because he did not want a cellmate. This is a man that is about 6'2" and well over 200 pounds. Nash assaulted at least two women--one because she did not give him a larger piece of cake and the second one in his housing area during a verbal disagreement.

Andre Saunders, another male inmate, with a penis, assaulted a female inmate in front of at least 100 women. He used vulgar language, threatening to "choke a b---h" with his penis to teach them a lesson.

Donald Collins, Annette Sandoval, and many others are aggressive with women. These men are not mandated to take any medication to prevent erections and have the ability to sexually assault women.

The men described are only a small sampling of persons put in women's prisons, nationwide, in violation of the Administrative Procedure Act and the constitutional privacy rights of women, placing them in physical and emotional danger. The notice and comment requirement of the APA was ignored by the Defendants to implement their ideology of transgender rights by using government facilities, prisons, to set a precedent which could be used to set a status quo for unisex use of intimate facilities.

The Plaintiff-Intervenors contacted President-elect Donald Trump and Senators Ted Cruz and John Cronyn about this matter and other issues at Carswell. Mr. Trump's organization was the only one that responded. Exhibit-A, Trump letter.

In Fleming v. Upton, No. 4:16-cv-989-O and Little v. Upton, No. 4:16-cv-0178-O, the Plaintiff-Intervenors have raised claims of the denial of women having equal access to the clemency process and equal protection violations in the President's administration of his Clemency Project 2014, another executive action in which President Obama completely mislead the public to believe he was releasing non-violent, first offenders, that had served a minimum of 10 years in prison.

The truth is that the President has been releasing or granting time reductions under Clemency Project 2014, men who use children to sell drugs and sold drugs to children, like Troy V. Cleveland of Maryland and Gregory Anthony Collins of Illinois. Clemency has been granted to men with sawed off shotguns, used to protect their drug stash, like Alonso Allen of Florida and Maurice Davon Cawhton of Florida, both trafficking drugs and had multiple prior convictions.

Many did not serve 10 years. Others granted clemency that were sentenced as career offenders, like Kendrick Tyshawn Akins of Texas and Gracie Walker of Texas. At least 25% of those granted clemency were armed former convicted felons.

President Obama has granted clemency to 1400 prisoners, but less than 50 were women. Instead of having equal and fair access to the clemency process, the President gave federal women prisoners crazy, violent men to live with, a curse from a President that has professed concern for women's issues.

If the Court considers the executive actions of President Obama in conjunction with the denial of equal access for non-violent women to the clemency process while forcing the women to live with invasions of bodily privacy, threats of rape, and actual physical assaults by biologically born men, this qualifies as a "shock to the conscience of the public."

The disregard for the bodily privacy rights of women and their physical safety in our communities or in a prison setting is abhorrent to real men, and an outrage to decent women because it is gender discrimination to accommodate men who self-identify as women.

The Plaintiff-Intervenors are humans, too. They are someone's daughter, mother, and even a grandmother, with family members upset that a president has the power to cause such unconstitutional living conditions.

The judicial system did not sentence the Plaintiff-Intervenors to serve a prison term with men. It is cruel and unusual punishment for women to be housed with men under the threat of physical abuse.

For these reasons, the Plaintiff-Intervenors have a strong likelihood of success.

B.  Threat of Irreparable Injury

If a man is violent enough to commit robbery and cut his own penis off, twice, he presents a substantial threat of irreparable harm to the Plaintiff-Intervenors. There is the appearance and the reality of irreparable harm where the movants have witness the abuse of male inmates on women in this prison.

When these men find out their status as "women" is under judicial review, there is a strong likelihood of retaliation by men that already use their physical superiority over women to control and intimidate them. The Plaintiff-Intervenors chances of physical harm have increased with the filing of this Motion.

It is likely that the lead Plaintiffs are unaware that President Obama has been setting up a precedent for men sharing bathrooms with women, so it will be reported to the media, as it should be, placing the Plaintiff-Intervenors in imminent physical danger. Right now, the Plaintiff-Intervenors are suffering mental anquish, in fear of these men and what the men will do to them.

The correctional staff will NOT protect the Plaintiff-Intervenors. None of them have used the Whistleblowers Act, although many are expressing their distress over the situation to union officials. The majority of correctional staff do not want these men at Carswell but fear losing their job or being labeled homophobic for reporting the abuses they are witnessing. In addition, there will be retaliation by the transgender or gay officers who support men in women's prisons.

As the male inmates have become more aggressive, the Plaintiff-Intervenors had only two choices: wait to be the next victim of assaultive conduct or bring the matter to the attention of the Court and the public, in hopes that this living nightmare would be put to an end.

Removing biologically born males out of women's prisons will prevent present and future harm to women inmates. Right now, the rehabilitative needs and privacy rights of women are subordinate to the desires of men self-identifying as women. There is a greaterharm to the overall women inmate population than to these men being appropriately placed in men's prison. Their gender identity disorder can be treated at a men's prison, as women with this disorder are treated in women's prison.

The women at Carswell have expressed their fears to the staff at FMC Carswell and they do not care. Exhibit-B, Warden's Response. Warden Upton is enforcing the rights of men to be women with no concern about the rights of women.

Based on the Obama Administrations directives on sexual identity, the rights of heterosexual women are being subjugated below the rights of men that allege to be women. All of them are demanding transfer to women's prison. Please see, White v. Farrier, 849 F.2d 322 (8th Cir. 1988)(demanding sexual reassignment surgery and transfer to women's prison); Norsworthy v. Beard, 87 F. Supp. 3d 1164 (N.D. Calif. 2015) (male inmate sued to have sexual reassignment surgery and transfer to women's prison, where psychologist opined, "Transfer to a women's prison, on the other hand, would test her capacity to relate to females. But the Director of Adult institutions cited concerns that the transgender who had a history of abusing women, might "herself victimize female inmates.") Id. at 1180.

Considering Norsworthy, it seems that administrators and psychologist are making heterosexual women guinea pigs to unwillingly assist these men, many of whom have been abusers of women. That is exactly what is happening at Carswell. They, the Defendants, have no fear of women in the community revolting about this unlawful practice.

The women do not want this, it is against the rights of women, and the women are suffering irreparable harm that outweighs any harm to these men. At this time, women cannot refuse a group strip search that includes a man self-identifying as a women, who still has a penis. As it stands today, the Plaintiff-Intervenors will suffer serious consequences if they refuse to be exposed to any male inmates penis or expose themselves in front of men.

This is cruel and unusual punishment, which invalidates the Defendants' rights to maintain the custody of the Plaintiff-Intervenors. There isno harm to the Defendants transferring the Plaintiff-Intervenors to a federal halfway house or home confinement until they get men out of women's prisons and the case is resolved.

C. Threat of Injury Does Outweigh Any Harm to Defendants.

The Plaintiff-Intervenors are under a continuing injury-in-fact, sharing intimate facilities in a government building with men. Transferring all men out of women's prison is no harm to the Defendants, where a large number of transvestites are held at FCI Seagoville and they are participating in the sex offenders program. The institution offers female products, like sports bras, to accommodate men that enjoy wearing women's clothing.

It is important for the Court to consider that there are numerous male prisoners attempting transfer to women's prison and the transfer of Peter Langan has set a precedent.

Coed federal prisons ended in the early 90's and Congress has not approved women and men serving prison terms in the same institutions to share intimate facilities. Coed living was ended due to allegations similar to what is presented in this Motion-sexual misconduct and physical assaults, as well as pregnancy by many female prisoners.

The strict scrutiny standard where gender discrimination is applicable in weighing the injury to the Plaintiff-Intervenors versus harm in granting injunctive relief. These male inmates still express sexual desire for women and routinely expose themselves to women inmates, exhibiting sexual deviant conduct on a regular basis.

Everything that the Defendants' Guidelines ordered in this case to the lead Plaintiffs is ongoing at Carswell, where men use restrooms, showers, and housing consistent with their gender identity, without any consideration of the bodily privacy rights of women. And just like the DOJ/DOE letter mentioned in the Court's opinion on August 21, 2016, the Plaintiff-Intervenors jeopardize themselves with loss of good-time or other liberty interest if they fail to be part of assisting men in being women. The Defendants have ignored the fact that the women at Carswell, like the women in the community, have a privacy right to avoid exhibiting their "nude or partially nude body, genitalia, and other private parts" before members of the opposite sex. Reply 8-9, ECF No. 52. By allowing this farce that all inmates at Carswell are considered females, the Defendants "have manufactured an ambiguity so they can then unilaterally change the law to suit their policy preferences." Id. at 8.

The Plaintiff-Intervenors have proven a threat of irreparable harm which is ongoing and may be stopped by the Court.

D. Issuance of the Injunctive Relief Will Not Disservice the Public.

No accommodations are being offered to women that do not want to be housed with or share intimate facilities with anatomical men. Exhibit-B, the Warden's response to the Plaintiff-Intervenors fears as a woman that has been a victim of men beating her, clearly demonstrate that if women do not submit to the violation of their bodily privacy, the Plaintiff-Intervenors will be punished. The federal government is violating the law, morals, and values of American citizens by attempting to force the decisions of men who profess womanhood.

On the date of the signing of this Motion, the man,

Linda Thompson, had a dress on in the medical department. He sat with his legs wide opened exposing himself and no one told him to stop this vulgar, disgusting behavior. No woman could ever expose herself in a prison without being taken immediately to the Special Housing Unit, while this man does it all the time. It is on video when he stripped all of his clothing off and walked through the unit.

All reasonable, rational persons would agree that no anatomical male should be in a women's prison. It is not decent or rehabilitative to either gender. So there is no disservice to the public by transferring male inmates to a men's prison.

Transferring the Plaintiff-Intervenors to a halfway house or home confinement will assist in the resolution of the case by not increasing litigation created by threats to the safety of the litigants. The Plaintiff-Intervenors have shed light on an unlawful placement of numerous men in women's prison, while the same President releases violent career armed offenders.

CONCLUSION

The Plaintiff-Intervenors seek the same relief as the lead Plaintiffs, no cross gender use of public or private, state or federal|| intimate facilities. To protect the litigants, they move the Court for a custody transfer to a halfway house or home confinement.

The gender/sex which faces the most harm are biologically born heterosexual women, a group susceptible to sexual assault.

Male and female officers have been prosecuted in this district for non-consensual sex with female inmates. This remains a very serious problem at Carswell. Who was the genius that decided to add self-admitting, bi-sexual men to the women's prison?

This is a women's prison under investigation for sexual assaults owmen, aggravated assault on 3 women in April 2016 with a shoe by a female officer, and deaths due to a lack of medical care. Such a prison is not equipped to deal with bi-sexual men threatening to rape women if they don't get what they want.

The women inmates at Carswell need the judicial branch of government, Congress, and investigative agencies to take a long, searching look at the abusive conduct of the DOJ/BOP against women, in the placing of men in a women's prison.

The lives of women have become worse under Barack Obama, in our communities and in prisons. Many women have been victims of domestic violence and other violent acts by men. Prison was a safe haven for women to rehabilitate themselves.

This is no longer a place of safety and rehabilitation. It is a place to be sexually molested. By removing male inmates from Carswell, at least some of the molesters and abusers will be gone.

Respectfully Submitted,

Jeanette Driever, 12/27/2016

Charlsa Little, 12/27/2016

Rhonda Fleming, 12/27/2016

CERTIFICATE OF SERVICE

A copy of the same has been sent by U.S. Mail on the same day to the U.S. Attorney's Office, 1100 Commerce, 3rd Floor, Dallas, Texas 75242.

Rhonda Fleming, 12/27/2016

-10-

Name _____
Reg. No. _____
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX

Name Rhonda Fleming
Reg. No. 20446-009
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

Legal Mail

⇔20446-009⇔
U S Fed District Clerk
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

NORTH TEXAS TX PENS
DALLAS TX 750
29 DEC 2016 PM 1

2016 DEC 30 PM 1:17
CLERK OF COURT
NORTHERN DIST OF TX
FT WORTH DIVISION